## HAGEN v. HAGEN.

Ohio Appeals, 9th Dist., Lorain Co.

No. 471. Decided Oct. 17, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

AUTOMOBILES.
(50 Ad) Fact that niece sued uncle for damages for injuries received while riding as guest in uncle's automobile, not sufficient to warrant presumption that jury acted upon theory that real defendant was insurance company.

TRIAL.
(590 V2a) Verdict of $8000 for permanent injury to spine, not excessive.

Error to Common Pleas.

Judgment affirmed.

Ralph W. Weimer, Lorain, for plaintiff in error.
Fauver & Fauver, Elyria, and Van Deusen & Calhoun, Lorain, for defendant in error.

STATEMENT OF FACTS.

Miss Jennie Hagen, defendant in error, 26 years of age, is a niece of James Hagen, plaintiff in error, her father being a twin brother of plaintiff in error. Miss Hagen sued her said uncle in the Court of Common Pleas and recovered a judgment for $8000 for personal injuries suffered by her while she and her mother and her father were riding with plaintiff in error as his guests in his automobile, which was being operated by him.

In this error proceeding, no claim is made on behalf of the uncle that the parties did not have a fair and impartial trial in the Common Pleas Court; no complaint is made of the charge of the court nor of the rulings on the admission or rejection of evidence; the sole and only reason why it is claimed a new trial should be granted is because the verdict is excessive.

WASHBURN, PJ.

The suggestion is made that the jury acted upon the theory that the real defendant was an insurance company; but nothing is pointed out in the record which in any manner supports said suggestion, and we have found nothing tending to establish a basis for such suggestion.

Miss Hagen, her father and mother, and two physicians who attended Miss Hagen, testified as to her injuries and condition, and their testimony is not refuted in any way by any witness. The jury were fully justified in finding not only that Miss Hagen's injuries were caused by the negligence and carelessness of her uncle and that she was not guilty of any negligence, but also that she received an injury to her spine, from which she will never fully recover; that she has suffered much pain and will continue to suffer some pain and much inconvenience indefinitely; that her ability to work and earn money has been largely destroyed, with no substantial basis for the hope of its return; that before the accident she was in splendid health and was steadily employed at good wages, and is now permanently crippled in such a manner as to susbtantially interfere with her enjoyment of life.

We do not find that the verdict was excessive, or that there is any merit in the contention of plaintiff in error, and the judgment is therefore affirmed.

(Funk, J., and Pardee, J., concur.)

## STEINER v. CITY OF CLEVELAND (2 cases)

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9198 and 9199. Decided Oct. 22, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

AUTOMOBILES.
(50 C2) Conviction and sentence for careless driving and conviction and sentence for driving automobile while intoxicated, cannot be based upon the same act.

Error to Municipal Court.
Case No. 9198 reversed.
Case No. 9199 affirmed.

Wm. C. Braken, Cleveland, for Steiner.
Lawrence O. Payne, Cleveland, for City of Cleveland.

STATEMENT OF FACTS

These two cases came into this court on petitions in error to the Municipal Court of the City of Cleveland, one being for careless driving and the other for driving while intoxicated, both being the same act by which the injury was occasioned. Upon the trial in the Municipal Court the defendant was found guilty of both charges and fined in the careless driving case Fifty Dollars and sentenced ninety days to the Workhouse, and upon the charge of intoxication he was found guilty and fined One Hundred Dollars and sentenced to the Workhouse for ninety days. The workhouse sentence in the first case was suspended, if the defendant would promise not to drive his car for a period of time, but the fine was allowed to stand and the fine and imprisonment was allowed to stand in the second case, or in the case of intoxication.

VICKERY, J.

We have gone over this record and heard the arguments of counsel and think that inasmuch as there was but one offense—and apparently the police in order to make sure swore out two affidavits, one for careless driving and the other for intoxication, thinking perhaps that in case they were unable to prove intoxication they could prove careless driving, —we have heard these two cases together.

We think the record of this case shows that the defendant was driving his car while intoxicated and that the court had sufficient evidence before him to warrant the conviction. We think, however, that it being the same act, that it does not seem to be right or just that the man should be punished twice for the same offense and, therefore, the judgment in the careless driving case, No. 9198, will be reversed and the defendant discharged in this case.

In case No. 9199, driving while intoxicated, there is nothing in the case but the weight of the evidence which would warrant the court in disturbing it, and inasmuch as we are not in the habit of weighing the evidence, the trial court having the parties before it, we do not feel called upon to disturb the finding in this respect. The judgment will, therefore, be affirmed in case No. 9199.

(Sullivan, PJ., and Levine, J., concur.)