The State of Ohio, Appellee, *v.* Greeno, Appellant.

(No. 754—Decided November 20, 1950.)

*Mr. Robert D. Schuck,* prosecuting attorney, and *Mr. Floyd A. Coller,* for appellee.

*Mr. William S. Snook* and *Mr. Garver Oxley,* for appellant.

Conn, J. The defendant was indicted for issuing or causing to be issued four checks with intent to defraud. Two of the checks were issued on or about April 8, 1949, and the other two on or about April 12, 1949. Four separate indictments were returned, each containing three counts. The first count of each indictment charged the defendant as an aider and abettor in issuing the four checks. The second counts charged the defendant as principal in issuing the four checks, each of such counts being predicated on Sections 710-176 and 12380, General Code. In the third counts, the defendant was charged with obtaining possession of certain automobiles of the value, respectively, of the checks described in the first and second counts, by false tokens and writings, that is to say,

larceny by trick, as defined by Section 12447-1, General Code.

The jury returned a verdict of guilty on each count of the four indictments, and the court sentenced the defendant to the Ohio penitentiary for an indeterminate period of not less than one year or more than three years on the first counts and not less than one year or more than seven years on the third counts, the sentences to run concurrently. It appears from the journal entry that the defendant was not sentenced on the second counts "because of having heretofore been sentenced as an accessory on the first counts of each of said four indictments."

From the judgment of the Common Pleas Court the defendant appeals on questions of law.

Following the return of the indictments, defendant filed a motion to quash and a plea in abatement, each of which was overruled. Before the introduction of any evidence, the defendant moved for an order requiring the state to elect on which charge it would proceed, and that motion was also overruled.

At the conclusion of the state's case, the defendant filed a motion for a directed verdict, which was renewed at the close of all the evidence, and following the return of the verdict the defendant duly filed his motion for new trial. Each of these motions was overruled and the action of the trial court in each instance is assigned as error.

Defendant also assigns as error the refusal of the trial court to strike all the evidence from the record, the overruling of defendant's motion to take from the jury the counts as to larceny by trick and the second count in each indictment, and the overruling of defendant's motion for a directed verdict of not guilty.

Other errors are assigned, including errors in the ruling of the trial court on the admission and rejection

of testimony and that the verdict of the jury and sentence of the court are contrary to law.

We have examined all the assignments of error and in our opinion they are not well taken and should not be sustained except as hereinafter indicated.

We shall comment briefly on the errors relied on mainly in brief and oral argument, to wit, errors relating to the rulings of the trial court on the admission and exclusion of evidence, which defendant claims were prejudicial; error in overruling defendant's motion for an order requiring the state to elect on which charge it would proceed; and that the evidence was insufficient to sustain the burden of proving the guilt of the defendant beyond a reasonable doubt.

After a careful examination of the record, it is our conclusion that the defendant was not prejudiced by the rulings of the trial court on the admission of evidence offered by the state or in the exclusion of evidence offered by defendant, and that the verdict of guilty is not manifestly against the weight of the evidence.

As already pointed out, the trial court overruled defendant's motion to require the state to elect on which charge it would proceed. Defendant's motion rests on the claim that the three counts in each of the four indictments, respectively, are founded on a single transaction, and that the charges laid in the several indictments amount to double jeopardy and violate rights protected by the Constitution. We have given consideration to this matter of election and are of the opinion that the motion to elect was properly overruled.

Prior to the adoption of the Code of Criminal Procedure in 1929, the issue of election between counts in an indictment had been considered by the courts in a number of cases and the rule was generally recognized

that the state could not be required to elect between counts in an indictment where the charges related to the same transaction. 21 Ohio Jurisprudence, 801, Section 103; *Bailey* v. *State,* 4 Ohio St., 440; *State* v. *Bailey,* 50 Ohio St., 636, 36 N. E., 233; *State* v. *Cheatwood,* 84 Ohio App., 125, 82 N. E. (2d), 770; 27 American Jurisprudence, 688, Section 130; *Braverman* v. *United States,* 317 U. S., 49, 87 L. Ed., 23, 63 S. Ct., 99; *In re Snow,* 120 U. S., 274, 30 L. Ed., 658, 7 S. Ct., 556.

The present statute (Section 13437-3, General Code) affirms the general rule and expressly provides that where two or more offenses are charged in one indictment "the prosecution is not required to elect between the different offenses or counts set forth in the indictment or information."

It follows that defendant's motion to elect was properly overruled.

The evidence discloses that the defendant participated in the purchase of four automobiles, and that the purchase price of each was paid by a check of The West Park Auto Sales, signed by Ann Greeno and drawn on The First National Bank of Findlay, Ohio. The evidence discloses further that at the time each of the checks was issued and presented there were insufficient funds in the bank. The offenses charged are grounded on these four transactions and pleaded in twelve separate counts.

The trial court, in its charge, gave the jury a detailed outline of the respective charges in the three counts of each indictment, calling attention to the fact that the issuance of the check and the acquisition of the automobile in consideration of the amount for which the check was drawn were embraced in one and the same transaction, which transaction provided the basis for the separate charges in the three counts of each indictment.

Four forms of verdicts were prepared and submitted to the jury for its use and each form contemplated a finding of "guilty" or "not guilty" on each of the three counts of the four indictments. The defendant was found guilty on each of the twelve counts.

If the defendant was guilty of aiding and abetting in the issuance of one or more of the checks, he could not be guilty as principal in respect to the same transactions. And if defendant participated in the issuance of the checks for the purpose of using the same as a false "pretense, token or writing" in obtaining possession of the automobiles, as charged in the third counts of the indictments, the same act or transaction would not be punishable as charged in the first and second counts of the indictments.

In *Griffith* v. *State,* 93 Ohio St., 294, 112 N. E., 1017, the indictment contained three counts, the first count charging the accused with forgery, the second with uttering a forged instrument, and the third with obtaining money by false pretenses. The jury returned verdicts of not guilty on the first and second counts and guilty on the third count.

In the *per curiam* opinion, at page 299, the court said:

"No evidence whatever was offered by the state of any other false pretenses except that the check was forged and that the defendant, either having forged the same or knowing it to be forged, presented it to the bank and obtained the money upon it. It follows, therefore, that if this defendant was not guilty of forging this check and not guilty of issuing a forged check, knowing it to be forged, he could not be guilty of obtaining money by false pretenses when no other false pretenses were relied upon or sought to be proven by the state."

In *Devere* v. *State,* 5 C. C., 509, 3 C. D., 249, the in-

dictment contained two counts, one charging the defendant with forgery of a promissory note and the other with uttering a forged instrument. It appeared that both counts related to the same note. A verdict of guilty was returned on each count and the defendant was sentenced to the penitentiary on each count. This was held to be erroneous. Compare *Weaver* v. *State,* 74 Ohio St., 53, 77 N. E., 273; *Woodford* v. *State,* 1 Ohio St., 427; *Dalrymple* v. *State,* 5 C. C. (N S.), 185, 16 C. D., 562.

Section 13437-3, General Code (part of the Criminal Code), recognizes the rule established by the cases already cited, as it provides that "an indictment or information may charge two or more different offenses connected together in their commission," and the prosecution is not required to elect. Although the statute gives the court some discretion, we do not find any provision whereby an accused can be convicted and sentenced for two or more offenses growing out of the same subject matter or the same transaction, when this statute is read and applied as an entirety.

It is our opinion that if the statute so provided or were so construed in the instant case, it would contravene certain provisions of Section 10, Article I of the Constitution.

In other words, if the offenses charged against accused were set forth in three separate indictments instead of three counts in one indictment and the accused could have been convicted of the crime charged in one indictment on the same competent and material evidence upon which he could have been convicted of the charges in either of the other two indictments, it would be quite clear that upon the first conviction the accused would be in jeopardy in relation to the two remaining indictments.

It seems to follow that the right of nonelection be-

tween two or more counts can not be extended so as to have the effect of diluting defendant's constitutional rights.

In *Griffith* v. *State, supra,* on page 297, the court said:

"A separate count charging each crime may be contained in one indictment, but upon the trial of such indictment the court should instruct the jury that the accused cannot be found guilty of both crimes in reference to the same money or property."

In view of the foregoing observations, the jury should have been instructed that the defendant might be convicted on any one of the three counts in the indictments, but upon a finding of guilty on any one of such counts he could not be found guilty on the other two; and that upon a finding of guilty upon one of the three counts, a finding of not guilty should be returned upon the remaining two.

It is our conclusion that the conviction of the defendant on each of the twelve counts of the four indictments and the subsequent sentences imposed by the trial court were erroneous and prejudicial to the defendant.

The judgment is reversed and cause remanded for a new trial.

*Judgment reversed.*

CARPENTER and FESS, JJ., concur.

(Decided January 29, 1951.)

ON APPLICATION for rehearing.

*Per Curiam.* Upon rehearing in this case, the court adheres to the conclusion heretofore reached. However, as there is no error apparent on the record prejudicial to the defendant other than the conviction of

defendant on each of the several counts of the four indictments and the subsequent sentences imposed by the trial court, it is our conclusion that the conviction of defendant should be affirmed as to the first count of each indictment and reversed as to the second and third counts therein and that the defendant be discharged therefrom; and that this cause be remanded to the Common Pleas Court for execution of sentence.

*Judgment accordingly.*

CONN, CARPENTER, and FESS, JJ., concur.