THE STATE OF OHIO, APPELLEE, *v.* WEED, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* BOTHMAN, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* STULLER, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* HOSKINSON, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* ANGUS, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* MASON, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* WHITE, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* WOLTZ, APPELLANT.

(Nos. 5181, 5182, 5183, 5184, 5185, 5186, 5187 and 5188—
Decided November 18, 1954.)

*Mr. Frank H. Kearns*, prosecuting attorney, and *Mr. Joseph Poorman*, for appellee.

*Mr. R. Brooke Alloway*, for appellants.

*Per Curiam.* These are appeals on questions of law from judgments of the Common Pleas Court of Franklin County entered in criminal cases upon pleas of guilty.

While there are eight separate appeals, taken by eight different defendants, it is conceded and agreed by counsel that the issues of fact and law in the separate appeals are identical in substance and that, therefore, the separate appeals are considered as one case.

The eight defendants were indicted in three indictments for acts committed in connection with the strike at the North American Aviation plant in Columbus, Ohio. Defendants Weed, Bothman and Stuller were indicted jointly on four counts, for (1) having in their possession or control dynamite and a dynamite cap on November 30, 1953, with intent to use it or cause it to be used for an unlawful purpose; (2) for having in their possession or control on November 30, 1953, the same dynamite and placing it upon or about the premises of one Kenneth E. Thomas, without his consent; (3) for having in their possession or control on the same date the same dynamite and attempting to use such explosives to the injury of the property of Thomas, in violation of Section 3743.25, Revised Code; and (4) for maliciously destroying a certain 1950 Nash automobile, the property of Thomas, to the value of two hundred fifty dollars, in violation of Section 2909.01, Revised Code. Defendants Hoskinson and Angus were indicted jointly on four similar counts for similar

offenses. The fourth count charged the malicious destruction of a garage, the property of Harold Hartley, to the value of one hundred ten dollars. Defendants Mason, White and Woltz were indicted jointly on four similar counts for similar offenses. The fourth count charged the malicious destruction of an automobile, the property of R. J. Shelton, to the value of one hundred four dollars.

Upon arraignment all defendants pleaded not guilty. All defendants were represented by able counsel. Later, all defendants appeared in court with counsel and withdrew their pleas of not guilty and entered pleas of guilty to the indictments. The court referred the matters to the probation department for investigation and report. Two weeks later the defendants were brought before the court and were sentenced, each under the indictment with which he was charged, on all four counts, to imprisonment in the Ohio Penitentiary, the sentences to run consecutively and not concurrently. Motions for new trial and for stay of execution were filed and overruled.

The record shows that the property destroyed by Hoskinson and Angus, which was owned by Harold Hartley, was of the value of $39.46.

Notices of appeal were filed by Weed, Bothman, Stuller, Hoskinson, Angus, Mason, White and Woltz, in cases numbered 5181, 5182, 5183, 5184, 5185, 5186, 5187 and 5188, respectively. The same bill of exceptions, assignments of error and briefs were filed in each appeal.

The assignments of error are: First, the court erred in adjudging each of the defendants guilty on each of the four counts, notwithstanding each indictment charged only a single offense; second, the court erred in imposing sentence on each defendant on each of the four counts; third, the sentence was so excessive as to show an abuse of discretion; fourth, the court erred in refusing probation to defendants; fifth, in ordering the sentences to run consecutively the court subjected the defendants to double jeopardy; and, sixth, the court abused its discretion in refusing probation and ordering the sentences to be served consecutively, and deprived defendants of their liberty without due process of law.

We fail to find any abuse of discretion in refusing proba-

tion and in ordering the sentences to be served consecutively, rather than concurrently. Whether a defendant shall be placed on probation lies within the broad discretion of the trial court. Section 2951.02, Revised Code. The imposing of cumulative sentences, in and of itself, does not constitute an abuse of discretion. The sentences were general, as required by law, and in this respect it cannot be said that such sentences were excessive. The record does not disclose facts or circumstances which show an abuse of discretion. 3 Ohio Jurisprudence (2d), 769, Section 794. We find assignments of error numbered 3, 4 and 6 not well made.

A more serious question is raised by assignments of error numbered 1, 2 and 5, to wit, under the indictment and facts in this case, could each defendant, upon a plea of guilty, be sentenced on each of four counts, or do such sentences constitute multiple-punishment for the same crime, double jeopardy, and contrary to Section 2943.09, Revised Code? In our opinion Section 2943.09, Revised Code, has no application here, as that section applies where there has been a conviction or acquittal upon an indictment or information, and later the defendant is again indicted or charged with the same offense. The question here presented is whether, under the multiple-count indictments, there was a single criminal transaction, which would not permit sentencing on each count.

The first three counts in each indictment each charge an offense under Section 3743.25, Revised Code, which provides as follows:

"No person shall have in his possession or control any cartridge, shell, bomb, or similar device, charged or filled with one or more explosives, intending to use the same or cause the same to be used for an unlawful purpose, or attempt to use it to the injury of persons or property, or place or deposit it upon or about the premises of another without his consent. The possession or control by any person of any such device is prima-facie evidence of an intent to use the same for an unlawful purpose."

The penalty is found in Section 3743.99, Revised Code, in paragraph (B), as follows:

"Whoever violates Section 3743.25 of the Revised Code shall be imprisoned not less than one nor more than twenty years."

The fourth count in each indictment charged an offense under Section 2909.01, Revised Code, which provides as follows:

''No person shall maliciously destroy or injure property not his own.

''Whoever violates this section shall be imprisoned not less than one nor more than seven years if the value of the property destroyed, or the injury done, is one hundred dollars or more.

''If the value is less than one hundred dollars, such person shall be fined not more than five hundred dollars or imprisoned not more than thirty days, or both.''

In the instant case, count one charged possession of explosives, intending to use the same or cause the same to be used for an unlawful purpose; count two charged possession and also placing the same explosives on the premises of another without his consent; count three charged possession and also the attempt to use the same explosives to the injury of the property of another. The fourth count charged malicious destruction of property under Section 2909.01, Revised Code. Under the facts, did the unlawful act or acts constitute one transaction? If such unlawful act or acts constituted one transaction, there could be but one sentence. It is permissible to charge separate offenses in different counts and join them all in one indictment. However, upon trial, if the facts show but one transaction, there can be but one sentence. The record shows that Weed, Bothman and Stuller, having obtained a stick of dynamite, on November 30, 1953, in the evening of that day went to the home of Kenneth E. Thomas and placed the explosive under his automobile, which was parked in the driveway, and exploded it, damaging the car to the extent of $250. The record shows that Hoskinson and Angus, on the same day, having obtained a stick of dynamite, in the evening of that day went to the home of Harold Hartley and placed the explosive in a trash can against the side of the garage of Hartley and exploded it, damaging the garage to the extent of $39.46. The record further shows that Mason, White and Woltz, on the same day obtained a stick of dynamite and in the evening of that day went to the home of R. J. Shelton and placed the explosive in his automobile and exploded it, causing damage to the extent of $104.33. The obtaining of the explosives, the possession thereof, the act of placing the explosive on

the premises of the three persons mentioned, without their consent, and the exploding of the explosives in the manner set forth was done by each of three separate groups of defendants in furtherance of a single purpose, and in our opinion constituted one transaction of each group and not several separate, distinct transactions. In *Devere* v. *State*, 5 C. C., 509, 3 C. D., 249, the court, on page 534, quoted the applicable rule as follows:

"* * * The doctrine on this subject is laid down in Wharton's Criminal Law (141) as follows: 'Where a statute makes two or more distinct acts, connected with the same transaction, indictable, each one of which may be considered as representing a stage in the same offense, it has in many cases been ruled, that they may be coupled in one count. Thus setting up a gaming table, it has been said, may be an entire offense; keeping a gaming table and inducing others to bet upon it, may also constitute a distinct offense; for either, unconnected with the other, an indictment will lie. *Yet, when both are perpetrated by the same person, at the same time; they constitute but one offense, for which one count is sufficient, and for which but one penalty can be inflicted.*'" (Emphasis ours.)

In *State* v. *Schultz*, 96 Ohio St., 114, 117 N. E., 30, the court, on page 120, quotes from 1 Bishop's New Criminal Procedure (2 ed), Section 436, as follows:

"'A statute often makes punishable the doing of one thing *or* another, *or* another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. * * *'"

This rule was followed in *State* v. *Greeno*, 89 Ohio App., 241, 101 N. E. (2d), 259, appeal dismissed by the Supreme Court in 155 Ohio St., 589, 99 N. E. (2d), 613; and in *Weaver* v. *State*, 74 Ohio St., 53, 77 N. E., 273. In 24 Corpus Juris Secundum, 40, Criminal Law, Section 1567 (c), the text is as follows:

"Where several counts in an indictment charge in different ways the commission of the same offense, or charge the commission of different crimes or degrees of crime which, by reason of the fact that they are of the same character and grow out of the same transaction, are in effect parts or aspects of one offense, or

where the crime charged in one count necessarily embraces the crime charged in another, it is erroneous for the court, on a finding of a general verdict or plea of guilty, to impose separate penalties for the several counts, whether by way of separate sentences to run successively, or a single gross sentence lumping the several penalties. In such case accused is subject only to a single penalty on all the counts constituting one entire offense, and *the court may impose such sentence on that count which charges the highest grade or degree of the offense involved, or which embraces the offenses charged in the other counts.*" (Emphasis ours.)

In *Woodford* v. *State*, 1 Ohio St., 427, the defendant was convicted under two counts for felonious assault, each count varying the intent with which and the part of the body on which the stab was inflicted. The applicable rule is stated in the syllabus as follows:

"Where an offense forms but one transaction, and the indictment containing several counts on which the jury have returned a verdict of guilty, it is error in the court to sentence on each count separately."

This court is in agreement that the factual situation shows that the acts committed by each of the three groups of defendants constituted one single, continuing criminal act, inspired by the same criminal intent, and that the defendants could be properly sentenced for only one offense. This court is in disagreement as to whether the defendants should have been sentenced under Section 3743.25, Revised Code, or under Section 2909.01, Revised Code. One member of this court is of the opinion that in determining the highest degree of the offense involved the elements of the criminal offenses control, rather than the nature of the penalty. In the application of this theory the major offense for which the defendants should be sentenced would be malicious destruction of property under Section 2909.01, Revised Code.

However, a majority of the court is of the opinion that the more serious offense is determined by the penalty. A conviction under Section 3743.25, Revised Code, requires a sentence to the Ohio Penitentiary, whereas a violation of Section 2909.01, Revised Code, may be either a felony or a misdemeanor.

In the application of the latter theory a majority of the court holds that defendants were improperly sentenced under Section 2909.01, Revised Code, and that one sentence should have been pronounced under Section 3743.25, Revised Code.

We do not deem it necessary to remand these causes for judgment and resentencing in the trial court, inasmuch as there is no dispute as to the factual development.

The judgment and sentence of the defendants of guilt under Section 2909.01, Revised Code, is set aside.

Each defendant, having entered a plea of guilty to the charge against him in the indictment, is adjudged to be guilty of violation of Section 3743.25, Revised Code, and is sentenced to the Ohio Penitentiary for a period of not less than one year nor more than twenty years, or until otherwise discharged as provided by law.

The judgment is, hereby, affirmed in part and reversed in part, and the sentence is modified. The cause is remanded.

*Judgment accordingly.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.