**AKRON (City), Appellee, v. KLINE, Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 4548. Decided January 4, 1956.

Edward O. Erickson, Dir. of Law, Paul J. Lombardi, Asst. Dir. of Law, for appellee.
Ben H. Baldwin, for appellant.

## OPINION

By DOYLE, J.

Charles M. Kline has appealed to this court from a judgment of the Municipal Court of Akron, in which he was convicted of the unlawful operation of a motor vehicle on a public street in Akron while under the influence of intoxicating liquor, in violation of Sec. 77 of Chap. 24 of the Akron City Code.

There are assigned the following errors, which it is claimed were prejudicial to him and denied him a fair trial:

"1. The Municipal Court erred in sustaining the demurrer of the plaintiff to the plea of former jeopardy, filed herein, upon the ground that defendant had previously been convicted of an offense arising out of the identical transaction upon which the charge in the affidavit is based.

"2. The Municipal Court erred in permitting the plaintiff to offer evidence that defendant refused to submit to a urinalysis test, as demanded of him by police officers of the city of Akron.

"3. The Municipal Court erred in overruling the motion of the defendant for an order directing the jury to return a verdict in favor of the defendant upon the ground that there was no evidence that any officer or witness knew or had any personal knowledge of the operation of his automobile by the defendant.

"4. The Municipal Court erred in overruling the motion of the defendant for a new trial upon the ground that the verdict was not sustained by the evidence and was contrary to the overwhelming weight thereof."

There appears, in the record, evidence from which the following conclusions may be reached:

An automobile, while being driven by the defendant on Perkins Street in the city of Akron, went out of control, ran off the highway, and came to a stop at the bottom of an embankment. The driver was arrested by Akron police, taken to the station, and charged by separate affidavits with (1) reckless driving, and (2) operating an automobile while under the influence of intoxicating liquor.

The defendant was brought before the Municipal Court, where he entered a plea of guilty to the reckless driving charge, and was sentenced, under authority of Sec. 78 of Chap. 24 of the Akron City Code, which is in the following terms:

"No person shall operate a vehicle or trackless trolley without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles or trackless trolleys and so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways."

(See §4511.20 R. S., for a similar state statute.)

Later, the defendant was brought before another Judge of the Municipal Court, to answer to the charge of operating an automobile while under the influence of intoxicating liquor. Counsel for the defendant thereupon addressed the Court as follows: "I would like to make a motion at this time—ask permission of the Court to withdraw the plea of not guilty and to withdraw the jury demand that is presently on * * *. Then, Your Honor, I would like to make, according to the statute * * *, a plea of former conviction—former jeopardy—in writing. I have this here and will make that plea a part of the record."

The Court then stated: "* * * the defendant may be allowed to withdraw his former plea of not guilty. * * * In any event, you now are consenting that this matter be heard before the Court at this time on your plea of, as you characterize it, former jeopardy."

Counsel for the defendant replied: "The defendant does that, Your Honor."

The plea of former conviction is in the following form:

"Now comes the defendant, Charles M. Kline, and files this his plea in response to the charge in the above-entitled cause contained. Defendant for his plea herein says that in this Court under a cause entitled 'City of Akron v. Charles M. Kline,' in Akron Municipal Court case docket No. 157838, in response to which charge said defendant pleaded guilty on the 24th day of March, 1954, and no new trial was ever sought nor granted, which said action is one and the same offense as herein pleaded and set up. Defendant further pleading says that he has once been put in jeopardy in this Court for the offense herein pleaded at the aforesaid date and time upon the same identical facts as those upon which this captioned cause is based; that any judgment herein entered will constitute a second punishment for one and the same offense as is set forth in said Municipal Court case docket No. 157838 in this Court; to the complete record of which cause reference is hereby made, and by such reference said record is hereby made a part of this plea, the same as though completely copied herein."

The Court then conducted a hearing on the plea of former conviction, in which it was established by uncontradicted evidence that the defendant has been formerly convicted, by his plea of guilty, of reckless driving.

A demurrer to the plea was then filed by the prosecution. The Court then, in consideration of the demurrer, sustained the same.

Later, the case came on for trial on the charge of operating an automobile while under the influence of intoxicating liquor, under au-

thority of Sec. 77 of Chap. 24 of the Akron City Code. It is, in part, as follows:

"No person who is under the influence of intoxicating liquor or narcotic drugs or opiates shall operate or be in actual physical control of any vehicle or trackless trolley."

(See §4511.19 R. S., for comparative state legislation.)

At the conclusion of the trial, the defendant was convicted, and was subsequently sentenced.

1. Sec. 2943.05 R. C., provides:

"If a defendant pleads that he has had former judgment of conviction or acquittal, or has been once in jeopardy, he must set forth in his plea the court, time, and place of such conviction, acquittal or jeopardy. No claim of former judgment of conviction or acquittal or jeopardy may be given in evidence under the plea of not guilty."

Sec. 2943.06 R. C., states:

"If a defendant pleads a judgment of conviction, acquittal, or former jeopardy, the prosecuting attorney may reply that there is no such conviction, acquittal, or jeopardy. The issue thus made shall be tried to a jury, and on such trial the defendant must produce the record of such conviction, acquittal, or jeopardy, and prove that he is the person charged in such record, and he may also introduce other evidence to establish the identity of such offense. If the prosecuting attorney demurs to such plea and said demurrer is overruled, the prosecuting attorney may then reply to said plea."

As heretofore noted, a written plea of former conviction was filed in the case, and, after consent by the defendant to trial on that plea by the Court rather than by a jury, the Court received evidence which showed without contradiction that the former conviction was for a violation of the reckless driving ordinance set out above. The record shows no finding by the Court on the plea. However, a demurrer was then filed to the said plea, which shows by journal entry to have been sustained by the Court.

Why a demurrer was filed by the prosecutor after the hearing, we do not know. The office of a demurrer is to raise questions of law as to the sufficiency of the pleading, and it does not clearly appear that the pleading was deficient. Be that as it may, the Court would have been entirely right in dismissing the plea of former conviction after the hearing, as will be later demonstrated. We will therefore treat the demurrer as the reply of the prosecutor to the plea of former conviction, and the judgment on the demurrer as a judgment denying the plea, which, after trial with undisputed evidence, was shown to have been entirely without merit. Sec. 2945.83 R. C.

The generally accepted test of former jeopardy is that stated by Judge Gray in Morey v. Commonwealth, 108 Mass. 433. It is:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he

has been put in jeopardy for the same offense. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

In Morgan, Warden, v. Devine, 237 U. S. 632, 59 L. Ed. 1153, the Supreme Court of the United States used this language: "* * * this Court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."

See: 22 C. J. S., Criminal Law, Sec. 295 b.

Looking now to the ordinances under which the convictions were obtained: to sustain the charge of reckless driving, three things were necessary—(a) operating an automobile; (b) operating it without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles or trackless trolleys; and (c) operating it so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways. To sustain the charge of operating or in control while under the influence of intoxicating liquor, two elements are necessary—(a) operating or in actual physical control of an automobile, (b) under the influence of intoxicating liquor when operating or in actual physical control.

It is obvious from the above that the evidence which would be sufficient to sustain the charge of reckless driving would not be sufficient to sustain the charge of operating or in control of an automobile while under the influence of intoxicating liquor, because, in the first offense, the influence of intoxicating liquor is not an element, nor is the reckless operation of an automobile a necessary element in the second offense.

Examination has been made of the various claims of error, in addition to the claims discussed above, and we find none prejudicial to the rights of the defendant.

We have further examined the case of **Steiner v. City of Cleveland, 6 Abs 675.** While recognizing the ability of the now deceased Judge who wrote the opinion, we do not adopt his theory of the law as therein reported.

Judgment affirmed.

STEVENS, PJ, HUNSICKER, J, concur.