STATE, PLAINTIFF-APPELLEE, *v.* STILES ET,
DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25593. Decided January 11, 1962.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Reuben M. Payne* and *Mr. Thomas L. Osborne,* assistant prosecuting attorneys, for plaintiff-appellee.

*Mr. Jay B. White* and *Mr. James R. Wills,* for defendants-appellants.

(SMITH, P. J., DEEDS and FESS, JJ., of the Sixth District, sitting by designation in the Eighth District.)

ERRATUM:—In paragraph 3 of the above headnotes the word "not" should be inserted between the "may" and "be" in the third line of the paragraph. It should read "may **NOT** be convicted * * * on both offenses."

FESS, J. Defendants Stiles and Steele were indicted jointly on four counts of aiding and abetting and inducing four witnesses (who had testified in a previous trial of defendant Stiles upon an indictment containing nineteen counts of sodomy) in the giving of false testimony. Defendants were also charged on four counts of influencing and intimidating the same four witnesses. The four witnesses were Willie Harden, age 15, Edward Fuentes, age 14, Robert Greene, age 15, and Willie Curry Jones, age 17. A ninth count charged Stiles, alone, with intimidating Joseph Fuentes, also a witness in the sodomy case.

The jury returned its verdict finding the defendant Stiles guilty as charged in counts one to eight of the indictment and not guilty of count nine. The defendant Steele was found guilty as charged in counts two, three, four, six and seven, and not guilty upon counts one, five and eight of the indictment. Stiles was sentenced to the Ohio State Penitentiary on counts one to six to run consecutively and on counts seven and eight to run concurrently with the sentence on counts one to six. Steele was sentenced to the Ohio State Reformatory on counts two and three to be served consecutively, and upon counts four, six and seven to be served concurrently with sentence on counts two and three.[1]

With regard to the defendant Steele, upon review of the record we find that the evidence against him upon the counts for perjury did not reach "that high degree of probative force and certainty" which the law requires to justify conviction, but that the evidence in support of the counts on attempting to influence a witness is sufficient to support his conviction.

Error is assigned to the trial court, notwithstanding numerous objections thereto, permitting the prosecution to propound

---

1. The entry of sentence as to Steele recites that "on a former day of court having entered a plea of guilty to perjury" etc., but it is apparently conceded that this is erroneous since the only plea contained in the transcript is one of not guilty.

leading questions and cross-examine its own witnesses. As a general rule, the state is not permitted to cross-examine its own witnesses in the absence of laying a foundation therefor, such as in the case of the state being taken by surprise in the examination of a witness who turns out to be hostile. But in the instant case, in the light of the immaturity of the witnesses and their obvious embarrassment incident to voluntarily admitting that they were accessories to the crime of sodomy, the assigned error canot be held prejudicial. In this connection it may be remarked that we do not condone the incarceration of juveniles as material witnesses under bonds of $10,000 each with the inferential threat of continued confinement should they refuse to testify for the state. Such practice gives rise to an inference that their testimony might have been otherwise had they not been captive witnesses.

As to the defendant Stiles, the first count of the indictment charges that Stiles and Steele on January 9th, 1961, "wilfully and corruptly aided and abetted and induced one Willie Harden, a witness (in the sodomy case against Stiles) in the giving of false testimony while under a duly administered oath, to a material matter in the aforesaid case, knowing full well such testimony to be false" etc. Section 2917.25, Revised Code.

The fifth count of the indictment charges Stiles and Steele between December 23rd and 27th, 1960 "did unlawfully and corruptly attempt to influence, intimidate and impede Willie Harden, a witness (in the sodomy case against Stiles) in the discharge of his duty as a witness in the aforesaid criminal case, thereby corruptly attempting to obstruct and impede the due administration of justice therein." (Section 2917.07, Revised Code.)

Counts two and six, three and seven, four and eight follow the same alternative pattern with respect to the three other witnesses.

With regard to the alternative counts in the indictment, Section 2941.04, Revised Code, provides:

"An indictment or information may charge two or more different offenses connected together in their commission, or different statements of the same offense, or two or more differ-

ent offenses of the same class of crimes or offenses, under separate counts, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated.

"The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of the offenses charged, and each offense upon which the defendant is convicted must be stated in the verdict. The court in the interest of justice and for good cause shown, may order different offenses or counts set forth in the indictment or information tried separately or divided into two or more groups and each of said groups tried separately. A verdict of acquitaal of one or more counts is not an acquitaal of any other count."

It thus appears clear that the indictment may properly charge the offense of perjury and intimidation of the witness alleged to have committed perjury and the defendant may be tried upon both offenses without requiring the prosecution to elect. The serious question is whether, upon conviction of both counts, a defendant can be sentenced on both.

Section 2917.07, Revised Code, deals generally with the obstruction of justice and provides:

"No person shall, corruptly or by threats or force, attempt to influence, intimidate, or impede a person whose name has been drawn for jury service, a juror, witness, or officer of any court in the discharge of his duty, or corruptly or by threats or force obstruct or impede, or attempt to obstruct or impede, the due administration of justice therein.

"Whoever violates this section shall be fined not more than one thousand dollars or imprisoned in the county jail not more than six months or imprisoned in the penitentiary not less than one nor more than three years, or both such fine and imprisonment."

Section 2917.25, Revised Code, dealing with perjury provides:

"No person, either orally or in writing, on oath lawfully administered, shall willfully and corruptly state a falsehood as to a material matter in a proceeding before a court, tribunal, or officer created by law, or in a matter in relation to which an oath is authorized by law, including an oath taken by any

person making any affidavit required for verifying or filing a nominating, initiative, supplementary, or referendum petition, or part thereof, or including an oath taken by any person soliciting signatures and making any affidavit required for the verifying of any written or printed complaint for the removal of a public officer.

"Whoever violates this section is guilty of perjury and shall be imprisoned not less than one nor more than ten years."

Defendants have been convicted of aiding and abetting the witnesses to commit perjury and also of attempting to influence the same witnesses. The offenses charged in the indictment were predicated upon the same transaction and are related to the same subject matter. Under such circumstances, sentences may not be imposed upon the defendants upon conviction of both offenses. *State* v. *Greeno*, 89 Ohio App., 241, 101 N. E. (2d), 259; *In re Benjamin*, 100 Ohio App., 455, 137 N. E. (2d), 298; *State* v. *Weed*, 110 Ohio App., 186, 191, 169 N. E. (2d), 39; *State* v. *Johnson*, 112 Ohio App., 124, 165 N. E. (2d), 814.

As to defendant Stiles, the conviction and sentence should be affirmed as to counts one, two, three and four of the indictment to be served consecutively, and reversed as to counts five, six, seven and eight therein and that the defendant be discharged upon counts five, six, seven and eight.

As to the defendant Steele, the conviction and sentence should be affirmed as to counts six and seven of the indictment to be served consecutively, and reversed as to counts two, three and four therein and said defendant be discharged upon counts two, three and four.

In conclusion, we are not unmindful of the revolting nature of the crime for which the defendant stands convicted. Nevertheless, the most detestable offender is entitled to justice and may not be required to suffer double punishment for the same offense. Cf. *State* v. *Hashmall*, 160 Ohio St., 565, 117 N. E. (2d), 606.

Other errors assigned found not well taken or not prejudicial.

Judgment accordingly and the cause remanded to the Common Pleas Court for execution of sentence.

DEEDS, J., and SMITH, P. J., concur.