**James Nelson COLEMAN, Petitioner-Appellant,**

v.

**M. J. KOLOSKI, Superintendent Chillicothe Correctional Institute, Chillicothe, Ohio, Respondent-Appellee.**

**No. 19032.**

United States Court of Appeals
Sixth Circuit.

Sept. 17, 1969.

Robert A. Dimling (Court Appointed), Cincinnati, Ohio (Frost & Jacobs, Cincinnati, Ohio, on the brief), for appellant.

Leo J. Conway, Columbus, Ohio (Paul W. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by James Nelson Coleman, petitioner-appellant, from an order of the United States District Court of the Northern District of Ohio, denying his petition for a writ of habeas corpus. The appellant is confined in the Chillicothe Correctional Institute at Chillicothe, Ohio, on conviction of three counts of Breaking and Entering under Section 2907.09, Ohio Revised Code, and three counts of Grand Larceny under Section 2907.20, Ohio Revised Code.

The appellant was sentenced thirty years to life on each of the Breaking and Entering counts and one to seven years on each of the Grand Larceny counts. The Breaking and Entering sentences were to run concurrently with each other and the Larceny sentences were to run concurrently with each other but consecutively to the Breaking and Entering sentences. The appellant claims that the trial court committed error in permitting the jury to return verdicts of guilty on both Breaking and Entering and Larceny where both offenses arose out of the same transaction, and that this constituted double jeopardy in violation of the Fifth Amendment. He also claims that there was a duplicity of sentence in giving consecutive sentences on the Breaking and Entering and Larceny convictions.

There were clearly two offenses charged in connection with each burglary; one, Breaking and Entering under Section 2907.09, and the other Grand Larceny under Section 2907.20 of the Revised Code of Ohio. We think the facts do not present a question of double jeopardy under the Fifth Amendment to the Federal Constitution. Rather it is a question of merger and whether separate sentences can be administered.

If each transaction were the subject of two indictments, one for Breaking and Entering, and the other for Grand Larceny, the Breaking and Entering could be proven without reference to the Larceny. Likewise, the Larceny could be proven without proving the Breaking and Entering. See Schmeller v. United States, 143 F.2d 544, 549 (C.A. 6); Everett v. United States, 227 F.2d 457, 458 (C.A. 6); Crapo v. Johnston, 144 F.2d 863, 864 (C.A. 9), cert. den. 323 U.S. 785, 65 S.Ct. 267, 89 L.Ed. 626.

The matter of separate and consecutive sentences on each transaction of a Breaking and Entering offense coupled with an offense of Larceny involves a matter of degree of punishment. The punishment that a state fixes for a criminal offense is not of a federal constitutional concren unless it is in the category of Cruel and Unusual Punishment in violation of the Eighth Amendment to the Constitution of the United States. Whether separate and consecutive sentences can be given where more than one offense arises out of a single transaction is a matter of interpretation for the state courts.[1]

1. The Ohio Courts have spoken on this question a number of times. See Breese v. State, 12 Ohio St. 146, 152; Weaver v. State, 74 Ohio St. 53, 77 N.E. 273; State v. Greeno, 89 Ohio App. 241, 247, 101 N.E. 2d 259; Wyatt v. Alvis, 73 Ohio Law

The appellant still has open to him a delayed appeal under Section 2953.05 to the Eighth District Court of Appeals from the denial of his post-conviction motion to vacate judgment by the Common Pleas Court of Cuyahoga County, where this same question was raised. However, as we have pointed out, a denial of relief by that court on the question of consecutive sentences will not present a federal constitutional question.

The judgment of the District Court is affirmed.

See also D.C., 303 F.Supp. 1078.

Abst. 21, 136 N.E.2d 726; State v. Stiles, 21 O.O.2d 240, 179 N.E.2d 76; State v. Johnson, 112 Ohio App. 124, 165 N.E. 2d 814; Devere v. State, 3 Ohio Cir. Dec., 249, 262.