THE STATE OF OHIO, APPELLANT, *v.* BOTTA, APPELLEE.

(No. 70-272—Decided July 14, 1971.)

*Mr. James V. Barbuto*, prosecuting attorney, and *Mr. Charles E. Lowrey*, for appellant.
*Mr. Marvin A. Koblentz*, for appellee.

LEACH, J.   The evidence herein clearly is sufficient to support the conclusion that defendant, either as an aider, abettor or procurer (R. C. 1.17) or as a principal offender, stole the 1967 Cadillac from its owner, and thereafter, by selling it to another person by the use of a forged certificate of title caused it to be received and concealed.   The single issue presented herein is whether the trial court erred to the prejudice of the defendant when it failed to instruct the jury that defendant could be found guilty as to only one of the two counts of the indictment, but where, after the jury had returned their verdict of guilty as to

both counts of the indictment, the court sentenced the defendant only under the first count (auto theft).

In considering this question we believe that there is a clear-cut distinction between the right of the *jury* to pass on the *factual* issue of guilt and the right of the *court* to impose *sentence*. The former involves basically considerations of fact; the latter involves basically considerations of law. The same considerations which would preclude imposition of separate sentences do not necessarily preclude separate factual determinations of guilt.

In this case, both lower courts held and all counsel assume that defendant could not be sentenced for both offenses. Both appellant and appellee seem to assume that a "thief" can never be guilty of the separate offense of receiving or concealing the same property which he has "stolen." This, however, is not necessarily true where the defendant is not guilty of the *actual* caption and asportation and thus is not the principal thief, but is a "thief" only by virtue of being an aider, abettor or procurer in the theft.

The prevailing American rule appears to be that an accused may be convicted of criminally receiving or concealing stolen property where he took no part in the actual caption and asportation but participated only as an accessory before or after the fact even though made a principal in the larceny artificially, by statute. 45 American Jurisprudence 393; 76 Corpus Juris Secundum 20; 136 A. L. R. 1087, 1095.

Ohio has distinguished between the principal and a confederate in this respect in *Smith* v. *State* (1898), 59 Ohio St. 350, the second paragraph of the syllabus therein reading:

"A prosecution under Section 6858 of the Revised Statutes, for receiving and concealing stolen property, can not be maintained against the thief, but may be against a confederate who received and concealed the property stolen."

The reasoning underlying this holding in *Smith* is explained in the opinion of Judge Williams, at page 361:

"The crime of larceny is defined, and its punishment prescribed, by Section 6856, of the Revised Statutes. And, by Section 6858, the buying, receiving and concealing of stolen property, is made a distinctive and substantive offense, separate from that of the larceny of the property, though it is punished in the same way. The offense at common law was limited to the buying or receiving of stolen property; and the thief could not be convicted of that offense, because he could neither be the buyer or receiver of the property from himself, and therefore did not come within the description. The change made by our statute consists in the addition of concealment of stolen property, with guilty knowledge, to the criminal acts of buying and receiving it. But the thief cannot be convicted of that offense, because there is present in the larceny a concealment of the property stolen, with intent to deprive the owner of it, which, whether of long or short duration constitutes a part of that crime, and not the separate substantive one under Section 6858; * * *. We see no reason, however, why a confederate of the thief may not be guilty of both receiving and concealing the property which the latter has stolen, or of either; * * *. Many cases are found which declare that rule * * *. The reason of the rule is, that the receiving of the property is subsequent to the larceny in fact, and not a part of it. Hence the rule is inapplicable where the receiving or concealment of the property is embraced in its caption and asportation. * * *"

We conclude therefore that the general rule that a thief may not be guilty of the separate offense of receiving or concealing the same property which he has stolen is not applicable where the defendant is guilty of the theft only as an aider, abettor or procurer (R. C. 1.17), but is guilty of receiving or concealing such property after its theft as a principal offender.

Applying that rule of law to the facts herein, it would appear that the evidence would probably warrant a conclusion that, although as to the theft itself defendant was an aider, abettor or procurer, his telephone conversations with the purchaser of the stolen automobile after its theft

and his delivery of the false certificate of title to the place of business of the purchaser would constitute personal acts in violation of R. C. 2907.30, such as to make him a principal offender. In such event, any error by the trial judge in sentencing under the first count of the indictment and dismissing the second count would redound in defendant's favor and to the prejudice of the state.

However, since a detailed analysis of the evidence in such respect is not primarily for this court, in the first instance, we shall assume in the balance of this opinion that the basis of defendant's guilt, both as to the auto theft and as to the receiving or concealing stolen property, was only as an aider, abettor or procurer. In such event, his position would be exactly the same as if he were the principal offender.

Accepting the premise that, as a matter of law, the principal offender could not be found guilty and *sentenced* for both theft and receiving or concealing the same stolen property, does this compel the conclusion that the jury must be accorded the right to pick and choose between the two offenses? In our opinion, it does not.

In this connection, it must be borne in mind that in such a situation we are not dealing with the fundamental *fact-finding processes* inherent in the jury concept. So far as the *facts* are concerned in this type of case, the property has been received in the sense of "taking into one's hand or one's possession" (a common meaning of the word); the property is being concealed; and the property obviously is known to have been stolen (the defendant himself having stolen it). Were it not for the existence of the separate crime of larceny, there could be no question as to the right of the jury to conclude guilt as to receiving or concealing stolen property under such circumstances. With or without the existence of the separate crime of larceny, the fact-finding processes of a jury, as to whether there has been proof beyond a reasonable doubt of the requisite facts encompassed in the crime of receiving or concealing stolen property, would be exactly the same.

Thus, the concept that the principal offender cannot be found guilty of both larceny and receiving or concealing stolen property is not based upon the premise that there is a failure of proof of those facts which otherwise would constitute guilt of receiving or concealing, but instead is based upon a judicial doctrine sometimes referred to as "merger";[1] the penal philosophy that a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime.

In essence, this is the same basic philosophy employed in the "included offense" concept, but under that concept the jury is instructed not to consider the "included offense" unless it first has determined that the evidence fails to prove the major crime. The jury is not permitted merely to pick and choose between the major crime and any lesser included offense.

In the technical sense, receiving or concealing stolen property is not a lesser included offense of larceny, nor, as applicable to this case, of the offense of auto theft. These offenses require separate counts of an indictment. Since, however, except for this "merger" doctrine,[2] the evidence would prove guilt as to both, an instruction to the jury that if they found defendant guilty of auto theft they would be obliged to acquit him on the charge of receiving or concealing stolen property, and, *vice versa*, that if they found him guilty of receiving or concealing stolen property they

[1]"In determining whether more than one penalty may be imposed where there has been a conviction on plea of guilty on an indictment containing more than one count, it is sometimes said that where one crime necessarily involves another, as, for example, rape involves fornication, and robbery involves both assault and larceny, the offense so involved is merged in the offense of which it is a part. Thus, larceny is merged in robbery and assault and battery is merged in murder." 21 American Jurisprudence 2d 90. See, also, 22 Corpus Juris Secundum 42.

[2]Which is somewhat akin but not identical to the common law "merger of offenses" where misdemeanors were said to have merged into felonies. 21 American Jurisprudence 2d 89.

would be obliged to acquit him on the charge of auto theft, would simply permit the jury to arbitrarily select one or the other of such offenses for its determination of guilt, even though all the essential elements of fact as to both offenses had been proved.[8]

As to the question thus presented, we are in agreement with the dissenting opinion of Mr. Justice Clark in *Milanovich* v. *United States* (1961), 365 U. S. 551, 564, wherein he stated:

"The court does not mention the dilemma which its ruling produces. It says the jury should have been instructed that a guilty verdict could be returned on either count, but not both. This would require the jury to return a not guilty verdict on one count. Here, where the jury had in fact found Mrs. Milanovich guilty of both offenses, it could yet be required to return a false verdict, *i. e.*, false in fact even if true in law, on one of them. Except for its imperfect analogy to the case of factually inconsistent counts charging lesser-included offenses of the main count (as in first degree murder), in which the trial judge gives the jury instructions to be applied successively, the rule suggested today is unheard of in our jurisprudence. For here the jury is invited to consider counts not factually inconsistent, and in such sequence as it chooses, with no more reason to convict on one rather than another except its election on how to characterize the grounds supporting petitioner's imprisonment. * * *"

While the majority opinion in *Milanovich* would appear to take a contrary view, that decision is in no way binding upon this court, the question of law therein being one of federal statutory construction involving neither a constitutional question nor one of common-law distinctions.

It is well established law in Ohio that one act may constitute several offenses and that an individual may at the

---

[8]In *Beckman* v. *State* (1930), 122 Ohio St. 443, 446, the trial court had so instructed the jury. However, the issue as to whether a court would be required to so instruct the jury and as to whether it would be a proper instruction was not involved in *Beckman*.

same time and in the same transaction commit several separate and distinct crimes and that separate sentences may be imposed for each offense. *Duvall* v. *State* (1924), 111 Ohio St. 657; *State* v. *Martin* (1951), 154 Ohio St. 539; *Overmyer* v. *Sacks* (1962), 174 Ohio St. 129.

Where, however, in substance and effect but one offense has been committed, a verdict of guilty by the jury under more than one count does not require a retrial but only requires that the court not impose more than one sentence. Paragraph one of the syllabus of *Weaver* v. *State* (1906), 74 Ohio St. 53, reads:

"Where the first count of an indictment charges the defendant with keeping a place where intoxicating liquors are 'kept for sale, given away, or furnished for beverage purposes,' in violation of Section 4364-20*b*, Revised Statutes, and the second count charges him with keeping a place where intoxicating liquors are sold in violation of Section 6942, Revised Statutes, each count covering the same period of time, and the evidence at the trial establishes the fact that during all such period, the defendant was the keeper of but one place where intoxicating liquors were sold, there is but one offense, and it is error for the court, on a verdict of guilty under each count, to inflict the penalties prescribed by each of said sections."

See, also, *Woodford* v. *State* (1853), 1 Ohio St. 427, the last paragraph of the syllabus reading:

"Where an offence forms but one transaction, and the indictment containing several counts on which the jury have returned a verdict of guilty, it is error in the court to sentence on each count separately."

Courts of Appeals have applied the principle that the imposition of separate *sentences* may be limited even as to separate *verdicts* of guilt in *State* v. *Greeno* (1950), 89 Ohio App. 241 (appeal dismissed, 155 Ohio St. 589); *State* v. *Weed* (1954), 110 Ohio App. 186; *State* v. *Lieberman* (1961), 114 Ohio App. 339 (appeal dismissed, 172 Ohio St. 478); and *State* v. *Stiles* (1962), 88 Ohio Law Abs. 412.

*Whiting* v. *State* (1891), 48 Ohio St. 220, states, with

reference to larceny and receiving or concealing stolen property, that the jury may convict of *either* offense. At the time *Whiting* was decided, Section 7227, Revised Statutes, authorized joinder but provided that the jury may convict of "either offense." This statute was enacted in 1868 (66 Ohio Laws 302), and was in force and effect in that form from 1868 until 1929, at which time the statute (now R. C. 2941.24), was amended (113 Ohio Laws 168) to read:

"An indictment or information may contain counts for larceny, for obtaining the same property by false pretenses, for embezzlement thereof, and for buying, receiving or concealing it, knowing it to have been stolen, or any of such counts, and *the jury may convict of any of such offenses* and find any or all of the persons indicted guilty of any of such offenses." (Emphasis added.)

For the foregoing reasons, we conclude that although, as to the principal offender who steals a motor vehicle, any acts of receiving or concealing the same motor vehicle knowing it to have been stolen are considered merged into the crime of auto theft itself, so as to preclude separate *sentences* for a violation of R. C. 4549.04 (auto theft) and R. C. 2907.30 (receiving or concealing stolen property), it is not error to permit a jury to return verdicts of guilty as to both offenses, if otherwise warranted by the evidence, and for the court to then impose only the sentence provided for auto theft and to dismiss the charge of receiving or concealing stolen property.

The judgment of the Court of Appeals is reversed and the cause is remanded for execution of the sentence imposed by the trial court.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and STERN, JJ., concur.