The STATE of Ohio, Appellee,

v.

WILSON, Appellant.

[Cite as *State v. Wilson* (2001), 145 Ohio App.3d 374.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000622.

Decided Aug. 3, 2001.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Emma Poiry,* Assistant Prosecuting Attorney, for appellee.

*Bruce K. Hust* and *Wm. Eric Minamyer,* for appellant.

*Per Curiam.*

The defendant-appellant, Haywood L. Wilson, brings this appeal from his conviction upon a plea of no contest to the crime of receiving stolen property as alleged in the single-count indictment brought pursuant to R.C. 2913.51. His sole assignment of error is as follows:

"The trial court erred when it accepted a plea of no contest and entered a finding of guilty in a manner contrary to law."

Wilson phrases the issue posed by his assignment in the following manner:

"Can an accused be found guilty on a no contest plea of receiving stolen property, O.R.C. 2913.51, when the agreed facts actually amount to theft by deception?"

The indictment was returned on June 16, 2000. Wilson appeared before the court, with counsel who had been appointed to represent him, on July 10, 2000, to enter his plea. At the hearing on the plea, the court engaged Wilson in a personal exchange in which the court painstakingly and meticulously complied with Crim.R. 11(C). Beyond any doubt, Wilson was informed of, and stated that he understood, the consequences of a plea of no contest and the panoply of rights he would be surrendering upon acceptance of that plea. After determining that Wilson's written and journalized withdrawal of his earlier plea of not guilty and his entry of his plea of no contest were voluntary and intelligent, the court explained in detail the range of possible punishments. Then the court directed the prosecutor to give "a short synopsis of the offense" involved. The prosecutor responded with the following statement:

"On or about June 9, 2000, in Hamilton County, State of Ohio, the defendant, Haywood L. Wilson, did knowingly receive, retain or dispose of a motor vehicle belonging to Bob Townsend Ford, knowing or having reasonable cause to believe that the property was obtained through the commission of a theft offense, in violation of 2913.51(A) of the Ohio Revised Code.

"Basically, the defendant was pulled over operating a 2000 Ford Focus which he had purchased using a false Social Security number and giving a down payment of $3,500 on a closed checking account which had been closed a month prior."

The colloquy between the court, Wilson and his counsel concluded with these statements:

"The Court finds this defendant understands the nature of the charges against him, the effect of the plea, as well as the maximum penalty which can be imposed.

"The Court, finding the plea to be voluntary, I accept the plea of no contest. I find this defendant guilty under his plea of no contest to Count 1, receiving stolen property, a felony of the fourth degree, in violation of Section 2913.51(A).

"I am going to request a presentence investigation report and we will have a sentence on this matter on July the 31st, the year 2000, at 9:30 a.m."

Wilson reappeared on July 31 with his counsel, by which time each had examined the report of the presentence investigation. The court accorded Wilson

and his counsel the right of allocution and then pronounced the sentence of six months' incarceration in jail, with credit for time served, court costs and a period of "probation for three years after [the] term in the Justice Center." Wilson was advised of his right to appeal, and he filed his notice of appeal on August 28, 2000, through the counsel designated after Wilson's trial counsel had declined appointment.

In this appeal, Wilson submits for the first time that he was, in fact and by law, a thief by deception, and that, as the principal offender, *viz.*, the person who actually had stolen the property, he could not have been convicted of receiving the same property, citing *Smith v. State* (1898), 59 Ohio St. 350, 52 N.E. 826.

The "plaintiff in error" in *Smith*, May Smith, had been charged jointly with three others with both the larceny and the receiving and concealment of quantities of merchandise belonging to different merchants in Sandusky, Ohio. She was given a separate trial, in the course of which the prosecution abandoned the larceny count. The jury found her guilty of receiving and concealing the same property described as having been stolen. The Supreme Court, with Chief Justice Spear and Judge Minshall dissenting, reversed the conviction and remanded the cause. The second paragraph of the syllabus crystallizes the basis for the reversal:

"A prosecution under section 6858 of the Revised Statutes, for receiving and concealing stolen property, can not be maintained against the thief, but may be against a confederate who received and concealed the property stolen."

The majority of the court in *Smith* offered this observation:

"The crime of larceny is defined, and its punishment prescribed, by section 6858, of the Revised Statutes. And, by section 6858, the buying, receiving and concealing of stolen property, is made a distinctive and substantive offense, separate from that of the larceny of the property, though it is punished in the same way. The offense at common law was limited to the buying or receiving of stolen property; and the thief could not be convicted of that offense, because he could neither be the buyer or receiver of the property from himself, and therefore did not come within the description. The change made by our statute consists in the addition of concealment of stolen property, with guilty knowledge, to the criminal acts of buying and receiving it. But the thief cannot be convicted of that offense, because there is present in the larceny a concealment of the property stolen, with intent to deprive the owner of it, which, whether of long or short duration constitutes a part of that crime, and not the separate substantive one under section 6858; and this is so, though he was assisted by another in the commission of the larceny. The purpose of that section was to provide for cases not included in the one against larceny, and to punish those who, when a larceny has been committed, receives or conceals the fruits of that crime; and to include

the thief within that class would subject him to punishment twice or more for a single criminal transaction." *Id.* at 361, 52 N.E. at 828.

The Supreme Court revisited *Smith* when deciding *State v. Botta* (1971), 27 Ohio St.2d 196, 56 O.O.2d 119, 271 N.E.2d 776. Justice Robert E. Leach, writing for a unanimous court in *Botta,* affirmed these observations after quoting the same words we have extracted from *Smith:*

"Thus, the concept that the principal offender cannot be found guilty of both larceny and receiving or concealing stolen property is not based upon the premise that there is a failure of proof of those facts which otherwise would constitute guilt of receiving or concealing, but instead is based upon a judicial doctrine sometimes referred to as 'merger[,]' the penal philosophy that a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime.

"In essence, this is the same basic philosophy employed in the 'included offense' concept, but under that concept the jury is instructed not to consider the 'included offense' unless it first has determined that the evidence fails to prove the major crime. The jury is not permitted merely to pick and choose between the major crime and any lesser included offense.

"In the technical sense, receiving or concealing stolen property is not a lesser included offense of larceny * * *." *Id.* at 201, 56 O.O.2d 119, 271 N.E.2d at 780.

The defendant-appellant in *Botta* had been indicted on two counts, the first charging that he had stolen an automobile in violation of R.C. 4549.04 and the second charging him with having unlawfully received or having unlawfully concealed the same vehicle in violation of R.C. 2907.30. A jury found Botta guilty on both counts, but the court struck the conviction on the second count, concluding that the verdict was "inconsistent with the verdict of guilty on count number one." *Id.* at 197, 56 O.O.2d 119, 271 N.E.2d at 778. Accordingly, Botta was sentenced only upon the conviction for auto theft. The Court of Appeals for Summit County reversed and remanded the cause for a new trial, holding that it was Botta's right to have the jury make, under proper instructions, the selection as to whether he was guilty of "one or the other or none of the allegations in the indictment." *Id.*

The Supreme Court, however, reversed the court of appeals upon the following conclusion:

"Although, as to the principal offender who steals a motor vehicle, any acts of receiving or concealing the same motor vehicle knowing it to have been stolen are considered merged into the crime of auto theft itself, so as to preclude separate *sentences* for a violation of R.C. 4549.04 (auto theft) and R.C. 2907.30 (receiving or concealing stolen property), it is not error to permit a jury to return verdicts

of guilty as to both offenses, if otherwise warranted by the evidence, and for the court then to impose only the sentence provided for auto theft and to dismiss the charge of receiving or concealing stolen property. [Emphasis in original.]" *Id.,* paragraph two of the syllabus.

The precedents established in *Smith* and in *Botta* were before the Supreme Court in *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 74 O.O.2d 380, 344 N.E.2d 133. There, the city of Maumee had discovered its loss of some 21,000 plastic bags intended for use as refuse containers. Investigators found a number of those bags at Geiger's home, at Weis's home, and at the home of Geiger's parents. Thereafter, a complaint was filed, charging that Geiger and Weis "did receive, retain or dispose of property * * * owned by the City of Maumee, knowing or having reasonable cause to believe it had been obtained through * * * a theft offense * * *." *Id.* at 238–239, 74 O.O.2d 380, 344 N.E.2d at 134.

Ultimately, trial was had to a jury. The defense moved that the jury be instructed that "if they found from the evidence that either or both of the defendants had in fact stolen the * * * bags then they must accordingly find the defendants not guilty of the charge of receiving, retaining or disposing of stolen property." *Id.* at 239, 74 O.O.2d 380, 344 N.E.2d at 134. The court refused to give the requested charge. On appeal, a majority in the court of appeals affirmed the conviction.

The Supreme Court granted a motion to certify the record and identified the dispositive issue as "whether a person may properly be tried and convicted for receiving stolen property after he admits the actual theft of that same property." *Id.* at 239–240, 74 O.O.2d 380, 344 N.E.2d at 134–135. The decision in *Geiger* is *per curiam,* and there is no syllabus, but the law of the case is clear. By affirming the judgment of the Court of Appeals for Lucas County, the Supreme Court answered its own question in the affirmative.

The court in *Geiger* quoted extensively from *Smith* and *Botta,* and noted the observation of United States Supreme Court Justice Felix Frankfurter in his dissenting opinion in *Milanovich v. United States* (1961), 365 U.S. 551, 558, 81 S.Ct. 728, 732, 5 L.Ed.2d 773:

"It is hornbook law that a thief cannot be charged with committing two offenses—that is, stealing and receiving the goods he has stolen. E.g., *Cartwright v. United States,* 146 F.2d 133; *State v. Tindall,* 213 S.C. 484, 50 S.E.2d 188; see 2 Wharton, Criminal Law and Procedure, Section 576; 136 A.L.R. 1087. And this is so for the commonsensical, if not obvious, reason that a man who takes property does not at the same time give himself the property he has taken. In short, taking and receiving, as a contemporaneous—indeed a coincidental— phenomenon, constitute one transaction in life and, therefore, not two transactions in law. * * *" *Geiger, supra,* at 240, 74 O.O.2d 380, 344 N.E.2d at 135.

In the same breath, the *Geiger* court acknowledged, as it did in *Botta,* the general rule in Ohio that "a thief may not be guilty of the separate offense of receiving or concealing the same property which he has stolen." *Id.* at 241, 74 O.O.2d 380, 344 N.E.2d at 135–136. The court proceeded to resolve the obvious anomaly by declaring flatly:

"This case does not involve common law distinctions or constitutional principles, but statutory construction and intent. Accordingly, the intent of the General Assembly controls in this case and that intent is plainly expressed in R.C. 2941.25 * * * and the accompanying committee comment." *Id.* at 244, 74 O.O.2d 380, 344 N.E.2d at 137.

The court had noted antecedently that R.C. 2941.25(A), effective prior to Geiger's prosecution, and thus applicable to it, provides as follows:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

The committee comment to that section, which the court deemed "exactly [applicable] to the case at bar," read as follows:

"The basic thrust of the section is to prevent 'shotgun' convictions. For example, a thief theoretically is guilty not only of theft but of receiving stolen goods, insofar as he receives, retains, or disposes of the property he steals. Under this section, he may be charged with both offenses but he may be convicted of only one, and the prosecution sooner or later must elect as to which offense it wishes to pursue." *Id.* at 242, 74 O.O.2d 380, 344 N.E.2d at 136.

This led the court to conclude that the General Assembly "[b]y the enactment of this section, * * * resolved the problems of common law procedure and practice in a practical and realistic fashion, and in conformity with this court's decision in *State v. Botta.*" *Id.* at 242, 74 O.O.2d 380, 344 N.E.2d at 136. The *Geiger* court answered its initial query and affirmed the judgment of the court of appeals with this declaration:

"Although receiving is technically not an included offense of theft, it is, under R.C. 2941.25, an 'allied offense of similar import.' An accused may be tried for both but may be convicted and sentenced for only one. The choice is given to the prosecution to pursue one offense or the other; and it is plainly the intent of the General Assembly that the election may be of either offense." *Id.* at 244, 74 O.O.2d 380, 344 N.E.2d at 137.

Upon the authority of *Geiger,* we hold that Wilson's assignment of error is not well taken. Wilson entered a plea of no contest to facts sufficient to establish the elements of theft of an automobile by deception *and* receipt of stolen property. Wilson's unlawful acts involved a contemporaneous taking and receiving of the

automobile. Accordingly, the trial court did not err in accepting Wilson's plea of no contest and finding him guilty of receiving stolen property.

Therefore, we overrule the assignment of error and affirm the judgment of the Hamilton County Court of Common Pleas.

*Judgment affirmed.*

DOAN, P.J., SUNDERMANN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J, retired, of the First Appellate District, sitting by assignment.