JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Adrian Hanni, brings this appeal challenging his convictions and sentences for rape and kidnapping. After a thorough review of the record, and for the reasons set forth below, we affirm in part, reverse in part, and remand.
 {¶ 2} On August 23, 2007, a Cuyahoga County Grand jury indicted appellant on one count of rape in violation of R.C. 2907.02(A)(2);[1]
one count of rape in violation of R.C. 2907.02(A)(1)(c);[2] and one count of kidnapping in violation of R.C. 2905.01(A)(2), (A)(4).[3] All counts contained notice of prior conviction and repeat violent offender specifications ("RVO"). Prior to trial, defense counsel requested that the trial court bifurcate the specifications and *Page 4 
agreed to stipulate to the prior convictions. A jury trial commenced on December 18, 2007.
 {¶ 3} At trial, the state presented several witnesses, including L.H., [4] the victim; Officer Byron Brody; Nurse Laura Gaetner; and Detective James McPike. Their testimony revealed the following information.
 {¶ 4} Officer Brody testified that on March 25, 2007, he responded to a call that a female was being held against her will at a house on Leeila Avenue in Cleveland, Ohio. Upon receiving further information from the caller, Linda Berry, that the alleged victim was mentally retarded, he went to the Leeila Avenue address, where he encountered appellant and Edwin Hill, both of whom lived at the house. He asked the men whether a person by the name of L.H. was there because he had received a call that L.H. was being held against her will. Appellant denied that L.H. was being held against her will.
 {¶ 5} Officer Brody further testified that L.H. came to the door and he spoke to her privately. L.H. told him she was afraid of the men and that she did not want to stay there because they were abusing her. He took L.H. to Linda Berry's house. L.H. told him that, a few days prior to March 25, 2007, appellant had anally raped her, had pushed and hit her repeatedly, and had threatened to kill her. When Officer Brody returned to the Leeila Avenue house, appellant and *Page 5 
Hill were no longer there. He took L.H. to Fairview Hospital where a rape kit examination was performed.
 {¶ 6} Nurse Gaetner testified that she administered the sexual assault kit to L.H. on March 25, 2007. L.H. had bruises on her arms and legs and complained of tenderness in her ribs. She examined L.H.'s anus, but did not notice tears, abrasions, or swelling. She wrote down the narrative from L.H. in which L.H. described being anally raped by appellant.
 {¶ 7} Defense counsel and the state stipulated to the Bureau of Criminal Investigations ("BCI") report that indicated the rape kit tests were negative.
 {¶ 8} L.H. testified that she had lived with appellant and Hill at the Leeila Avenue address for several months. Hill was her boyfriend, but they had never engaged in sexual relations. She knew Hill was married to Linda Berry, the person who had made the call to the police on March 25th. Appellant and Hill would occasionally take money from her, and appellant would not let her leave the house unless she paid him. Appellant was physically abusive to her on several occasions. She testified that she and appellant had never had consensual sex.
 {¶ 9} L.H. further testified that a few days prior to March 25th, appellant forced her to lie on her stomach on the bed and proceeded to put his penis into her rectum. She testified at one point that appellant made her take off her pants, but on cross-examination, she could not remember how her pants were *Page 6 
removed. She testified that she kicked and hit at appellant and told him she did not want what was happening to happen, but appellant continued for approximately three minutes. When she told appellant he was hurting her and asked him to stop, he stopped. L.H. also testified that Hill witnessed appellant rape her.
 {¶ 10} Det. McPike testified that he took a statement from L.H., and L.H. had identified appellant from a photo lineup. He interviewed appellant, and appellant admitted to having consensual vaginal sex with L.H. on one prior occasion.
 {¶ 11} The state intended to call Linda Berry, but she refused to appear because she claimed she had been threatened to induce her not to testify against appellant.
 {¶ 12} The defense called Edwin Hill to testify. Hill testified that he had shared a home with appellant and L.H. on Leeila Avenue for approximately four or five months. Linda Berry is his wife, but they had been separated for three years and planned on divorcing. He had never seen appellant engage in any sort of sexual activity with L.H.
 {¶ 13} At the close of the defense case, the matter was submitted to the jury with instructions on all three counts as charged in the indictment. The jury found appellant guilty of the two counts of rape and one count of kidnapping, in *Page 7 
addition to finding him guilty of the sexual motivation specifications. The court found appellant guilty of the repeat violent offender ("RVO") specifications.
 {¶ 14} On January 18, 2008, the trial court sentenced appellant to ten years on Count one, plus ten years on the RVO specification; ten years on Count two, plus ten years on the RVO specification; and eight years on Count three, plus ten years on the RVO specification. The court ordered the underlying sentences to run concurrent to each other and the RVO sentences to run concurrent to each other, but consecutive to the underlying sentences, for a total of twenty years incarceration. In addition, the trial court imposed five years of post-release control.
 Review and Analysis {¶ 15} Appellant filed this timely appeal. He raises four assignments of error for our review.
 Sufficiency of the Evidence {¶ 16} "I. The State failed to present sufficient evidence to sustain a conviction against appellant."
 {¶ 17} Appellant argues that the state failed to present sufficient evidence to sustain a conviction for rape in violation of R.C. 2907.02(A)(2), thus the trial court erred when it denied his Crim. R. 29 motion. Specifically, he cites to the *Page 8 
lack of physical evidence linking him to the alleged crimes and the lack of testimony from the victim that force was involved.[5]
 {¶ 18} Under Crim. R. 29, a trial court "shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. "A motion for judgment of acquittal under Crim. R. 29(A) should only be granted where reasonable minds could not fail to find reasonable doubt." State v. Apanovitch
(1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394.
 {¶ 19} Thus, the test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the sufficiency of the evidence to support a conviction. See State v. Bell (May 26, 1994), Cuyahoga App. No. 65356. In State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, the Ohio Supreme Court set forth the test an appellate court should apply when reviewing the sufficiency of the evidence to support a conviction:
 {¶ 20} "[T]he relevant inquiry on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. In other *Page 9 
words, an appellate court's function when reviewing the sufficiency of the evidence is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Eley
(1978), 56 Ohio St.2d 169." See, also, Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct 2781, 61 L.Ed.2d 560.
 {¶ 21} Appellant was convicted of rape in violation of R.C. 2907.02(A)(2). The state presented evidence that appellant engaged in anal sex with the victim against her will. Officer Brody testified the victim reported that appellant was forcing her to have sex with him and Hill, that he threatened to kill her, and that he pushed her around. Brody also testified the victim told him that she was afraid to stay in the house with appellant. The victim herself testified that appellant made her lie across the bed on her stomach, laid on top of her, and engaged in anal sex with her, even though she told him she did not want him to. She also testified that she tried to kick and hit him, but that did not stop him.
 {¶ 22} Despite the lack of physical evidence from the rape kit linking appellant to the victim, we find the victim's testimony is sufficient evidence upon which the jury could convict appellant of rape in violation of R.C. 2907.02(A)(2). See State v. Johnson,112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144 (corroboration of victim testimony in rape cases is not required).
 {¶ 23} Appellant's first assignment of error is overruled.
 Manifest Weight of the Evidence *Page 10 {¶ 24} "II. Appellant's conviction was against the manifest weight."
 {¶ 25} Appellant next argues that the jury verdict was against the manifest weight of the evidence. He argues that the jury was sympathetic to the victim because of her mental difficulties and showed bias against appellant. We disagree.
 {¶ 26} The court in State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 27} "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * * SeeTibbs v. Florida (1982), 457 U.S. 31, 38, 42." State v. Martin, supra, at 175. Moreover, the weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse a judgment of conviction as against the manifest weight must be exercised with *Page 11 
caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin, supra.
 {¶ 28} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442 and 64443, followed the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, 490 N.E.2d 926, syllabus. These factors, which this court noted are in no way exhaustive, include: "(1) Knowledge that even a reviewing court is not required to accept the incredible as true; (2) Whether evidence is uncontradicted; (3) Whether a witness was impeached; (4) Attention to what was not proved; (5)The certainty of the evidence; (6) The reliability of the evidence; (7) The extent to which a witness may have a personal interest to advance or defend their testimony; and (8) The extent to which the evidence is vague, uncertain, conflicting or fragmentary."
 {¶ 29} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eley, supra.
 {¶ 30} At trial, the victim testified that appellant anally raped her, and Hill witnessed this occur. Hill testified that he did not witness appellant anally rape the victim. This question of fact was determined by the jury, which had the opportunity to assess the credibility of the testimony and the reliability of the witnesses. Appellant has not shown how the jury's verdict was against the *Page 12 
manifest weight of the evidence merely by pointing out there was conflicting testimony. It does not appear, as appellant suggests, that the jury "felt sorry for the victim," and appellant points to nothing in the record that indicates this baseless assertion.
 {¶ 31} We do not find that the jury lost its way by finding appellant guilty; therefore, we overrule appellant's second assignment of error.
 Allied Offenses {¶ 32} "III. The trial court erred by ordering convictions and sentences for separate counts of rape and kidnapping because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction."
 {¶ 33} Appellant argues in his third assignment of error that the kidnapping offense should have merged with the rape offenses.[6]
Although the state concedes the merits of appellant's argument, it argues that because appellant was sentenced to concurrent terms on the underlying convictions, he has suffered no prejudice. We find merit in appellant's argument.
 {¶ 34} Appellant relies on R.C. 2941.25, which states: "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one; (B) Where the *Page 13 
defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 35} A rape conviction and a kidnapping conviction are allied offenses of similar import within the meaning of R.C. 2941.25(A) and cannot be punished multiply when they are neither committed separately nor with a separate animus as to each within the meaning of R.C. 2941.25(B). State v. Price (1979), 60 Ohio St.2d 136, 398 N.E.2d 772.
 {¶ 36} Both sides acknowledge that there was an agreement to merge the rape and kidnapping offenses. We disagree with the state's argument that appellant's concurrent sentences preclude him from relief. The purpose of R.C. 2941.25 is to prevent multiple convictions for allied offenses as well as to prevent cumulative sentences.
 {¶ 37} In State v. Botta (1971), 27 Ohio St.2d 196, 271 N.E.2d 776, the Ohio Supreme Court acknowledged that R.C. 2941.25 is a legislative attempt to codify the judicial doctrine of merger, i.e., the principle that "a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime." See, also, State v. Roberts
(1980), 62 Ohio St.2d 170, 172-173, 405 N.E.2d 247; State v. *Page 14 Thomas (1980), 61 Ohio St.2d 254, 400 N.E.2d 897; State v. Logan (1979),60 Ohio St.2d 126, 397 N.E.2d 1345.
 {¶ 38} The proper disposition of matters involving allied offenses of similar import committed with a single animus is to merge the crimes into a single conviction. Therefore, appellant is entitled to have his convictions merged into a single conviction. We sustain appellant's third assignment of error and remand this case for correction of the sentencing entry to reflect merger of the rape and kidnapping convictions.
 Sentencing {¶ 39} "IV. The trial court erred by ordering appellant to serve a sentence which is contrary to law."
 {¶ 40} In his fourth assignment of error, appellant argues that his sentence is contrary to law because a 20-year prison term is excessive and disproportionate for the crimes he committed. We disagree.
 {¶ 41} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is "otherwise contrary to law." R.C. 2953.08(G)(2); State v. Moore, Cuyahoga App. No. 89779, 2008-Ohio-2365;State v. Donahue, Cuyahoga App. No. 89111, 2007-Ohio-6825. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in *Page 15 
criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 42} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court found several sections of the revised code unconstitutional, including R.C. 2929.14(B), and severed the offending portions from the statutes. As a result, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences.[7] Id.
 {¶ 43} At sentencing, the trial court indicated that it had reviewed the presentence investigation report and that it had considered the general guidelines found in R.C. 2929.11 and 2929.12. Specifically, the trial court stated that it considered appellant's actions particularly heinous given that the crime was a forcible anal rape of a 54-year-old mentally retarded woman. The trial court expressed its view that appellant had abused the victim because of her limited mental abilities, when she had obvious difficulty fending for herself.
 {¶ 44} We do not find that the imposition of a ten-year sentence for rape, with the second count of rape and the kidnapping conviction merged, was excessive, unsupported by the record, or contrary to law. Nor do we find that the *Page 16 
imposition of ten years on the RVO specification is excessive. Therefore, we overrule appellant's fourth assignment of error.
 {¶ 45} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and MELODY J. STEWART, J., CONCUR
[1] R.C. 2907.02(A)(2) states: "(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
[2] R.C. 2907.02(A)(1)(c) states: "(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies: * * * (c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age."
[3] R.C. 2905.01(A) states: "No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * * (2) To facilitate the commission of any felony or flight thereafter; * * * (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will; * * *"
[4] The victim is referred to herein by her initials in accordance with this court s established policy.
[5] Appellant challenges all three convictions, but he only addresses the sufficiency of evidence to sustain a conviction on Count one. App. R. 12(A)(2) states that "the court may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment of error separately in the brief, as required by App. R. 16(A)."
[6] The transcript of the sentencing hearing indicates that the court merged the two counts of rape, but the docket does not reflect that this occurred.
[7] We acknowledge that the Ohio Supreme Court's recent decision inState v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, sets forth a two-prong test for review of sentences. We note that Kalish is a plurality opinion; therefore, it is merely persuasive. *Page 1