Sean C. Gallagher, Judge,
concurring in part and dissenting in part.
{¶ 75} I respectfully concur in part and dissent in part from the majority opinion.
{¶ 76} Though I concur in much of the majority decision, I believe a closer analysis is required of the allied-offense issue and Thomas’s lengthy cumulative sentence.
{¶ 77} Among other charges, Thomas was convicted on numerous counts of illegal use of a minor in nudity-oriented material (Counts 4 though 15 and Counts 23 through 32) and endangering children (Counts 33 through 38). These charges stem from conduct in which Thomas sent electronic messages to two female students and enticed them to send sexually explicit photographs of themselves to his cell phone. He then transferred the images to his computer for his personal gratification. In all, there were 12 photographs created of the victims.
{¶ 78} In order to determine whether offenses are allied offenses of similar import and subject to merger, a court is required to engage in a two-step analysis. The first step considers whether it is possible to commit the offenses by the same conduct: “In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.” (Emphasis sic.) State v. Johnson, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 48. The second step looks to whether the offenses were committed by the same act and animus: “If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., ‘a single act, committed with a single state of mind.’ ” Id. at ¶ 49, quoting State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50. “If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.” Id. at ¶ 50. Summarily stated, “When ‘in substance and effect but one offense has been committed,’ the defendant may be convicted of only one offense.” Id. at ¶ 43, quoting State v. Botta (1971), 27 Ohio St.2d 196, 203, 271 N.E.2d 776.
{¶ 79} Appellate courts across Ohio have struggled with application of the Johnson test. Determining how an offender’s conduct should be evaluated in the first prong of the test has been inconsistent. In Johnson, Justice O’Connor’s *190 concurring opinion properly noted, “[T]he trial court’s consideration of whether there should be merger is aided by a review of the evidence introduced at trial.” Id. at ¶ 69, O’Connor, J., concurring. Despite this, Johnson gave no express model or formula to follow when looking at the offender’s conduct to determine “[i]f the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other.” Id. at ¶ 48. Some courts, including the Supreme Court of Ohio, have remanded cases for further review to determine whether the offender’s conduct is allied. See State v. Damron, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512; State v. Miller, Portage App. No. 2009-P-0090, 2011-Ohio-1161, 2011 WL 861166. Nevertheless, despite remanding cases for review, without more clarity on the test process, inconsistent results in applying the first prong of Johnson will continue.
{¶ 80} The second prong of the test is even more problematic. The term “animus,” as applied to allied offenses, is so amorphous that it defies description. Animus is often described as the offender’s “purpose,” but when evaluating the facts of a case, a viable argument can always be made that an offender has a separate purpose for each of his offenses involving the completion of criminal conduct. Certainly, when an offender commits a rape or robbery, he has a separate purpose to restrain the victim in committing the accompanying kidnapping offense. Despite this, kidnapping, in relation to rape or robbery, is almost always considered an allied offense and not separately punishable unless facts establish a separate or distinct pattern of conduct. See State v. Sidibeh, 192 Ohio App.3d 256, 2011-Ohio-712, 948 N.E.2d 995; State v. Logan (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345.
{¶ 81} If the conduct of the offender is to be the primary factor in determining whether offenses are allied, then a model or formula for evaluating that conduct is needed. Some decisions have discussed distinctive factors that help the analysis, but have stopped short of creating a workable test. See Logan, 60 Ohio St.2d 126, 397 N.E.2d 1345 (“asportation or restraint [subjects victim to] substantial increase in risk of harm separate [and apart] from that involved in the underlying crime”); State v. Lee, 190 Ohio App.3d 581, 2010-Ohio-5672, 943 N.E.2d 602 (the “temporal continuum”); State v. Williams, Cuyahoga App. No. 94616, 2011-Ohio-925, 2011 WL 743085 (“proximate conduct”).
{¶ 82} At some point, the Supreme Court of Ohio is going to have to revisit Johnson and devise a more formal test that encompasses factors like time, distance, harm, risk of harm, and purpose in determining merger of allied offenses.
{¶ 83} In this case, there are multiple, corresponding sets of offenses of illegal use and endangering children. The illegal-use charges arise under R.C. 2907.323(A)(1), which does not allow a person to “create, direct, produce, or *191 transfer any material or performance that shows the minor in a state of nudity.” The endangering-children charges arise under R.C. 2919.22(B)(5), which instructs that a person shall not “[e]ntice, coerce, permit, encourage, compel, hire, employ, use, or allow [a child under 18 years] to act, model, or in any other way participate in, or be photographed for, the production, presentation, dissemination, or advertisement of any material or performance that the offender knows or reasonably should know is obscene, is sexually oriented matter or is nudity-oriented matter.”
{¶ 84} Upon review, it is possible to commit the offenses by the same conduct. One can entice a minor to be photographed in a state of nudity while also playing a role in the creation of the nudity-oriented material. Thus, the offenses aré allied. The determination then turns to whether the corresponding offenses were in fact committed by the same act and animus.
{¶ 85} Thomas committed the crime of endangering children multiple times. On six occasions, he enticed, encouraged, or compelled the minors to take nude photographs. Once he received the photographs, he e-mailed them to his computer and saved them for his personal gratification, resulting in the illegal-use charges. The record does not reflect any action or intent beyond obtaining the images and retaining them for Thomas’s personal use. Rather, the evidence reflects that the corresponding counts were committed by the same actions and with the same animus. Because “ ‘in substance and effect but one offense has been committed,’ ” the defendant may be convicted of only one offense on the corresponding counts. Johnson, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 43, quoting State v. Botta (1971), 27 Ohio St.2d 196, 203, 271 N.E.2d 776. As the majority finds, “Thomas’s actions in soliciting and transferring the photographs of the two victims were the same actions that led to the charges of child endangering.”
{¶ 86} I believe that the majority stops short by only requiring the merger of each of the six endangering-children counts with corresponding counts for illegal use. It is undisputed that only 12 images were created, yet Thomas was charged with 22 counts of illegal use. The state argues that distinct conduct occurred with regard to Thomas’s e-mailing the pictures and then saving them to his computer, resulting in separate counts for each action. The state ignores that the enticement, creation, and retention of the images by Thomas was part and parcel of the same criminal conduct. At a minimum, I believe that the 22 illegal-use charges should merge with regard to the 12 photographs to which they correspond. Further, as Thomas argues, many of the photographs occurred within a short period of time, were of the same victim, and were taken in the same location, reflecting that they were tied to the same criminal animus. He argues that the evidence supports merging the sentences into four counts of *192 illegal use. In this regard, I believe that the trial court should conduct a hearing to determine which of these offenses were allied offenses of similar import subject to merger.
{¶ 87} Thomas further claims that possession of criminal tools (Count 39) should merge with importuning (Counts 16-22). However, he ignores the fact that his cell phone was not the only criminal tool used for the crimes. In fact, computer devices also were used.
{¶ 88} Finally, although the majority does not address the issue, I believe that the trial court abused its discretion in imposing a cumulative sentence of 93 years. In reviewing felony sentencing, appellate courts must apply a two-step approach: “First, they must examine the sentencing court’s compliance with all applicable rules and'statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court’s decision shall be reviewed under an abuse-of-discretion standard.” State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 ¶ 4; see also State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
{¶ 89} While Thomas’s sentence falls within the statutory range and is not contrary to law, I believe that his sentence is disproportionate to the severity of the offense committed. In considering the overriding purposes of felony sentencing, a sentence should be reasonably calculated to be “consistent with sentences imposed for similar crimes committed by similar offenders.” See R.C. 2929.11(B). Thomas had an improper relationship with two of his students. He obtained nude photographs of the minors, and he had improper sexual contact with them. He was given the equivalent of a life term for his crimes. Thomas cites several multicount sex-offense cases in which a defendant received a total prison term under 20 years. He indicates that the crimes herein did not involve sexual intercourse. If the charges had been two counts of rape, the maximum consecutive sentence he would have faced would have been 20 years. A felony sentence must not be “so greatly disproportionate to the offense as to shock the sense of justice of the community.” State v. Chaffin (1972), 30 Ohio St.2d 13, 17, 282 N.E.2d 46, paragraph three of the syllabus.
{¶ 90} For these reasons, I concur in part and dissent in part.